**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Tenai Herndon Willoughby | ) | CASE NO: 5:26CV01347 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Summit County Children Services, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

*Pro se* plaintiff Tenai Herndon Willoughby filed this civil rights action under 42 U.S.C. § 1983 against the following: Summit County Children Services, Jennifer Grice, Stephanie Reau, Sarah Hulbert, Kearstyn Keen, Angela Hammond, Sierra Glad, Kayla Petrosky, Michael Stranathan, and John/Jane Does ##1-10. (Doc. No. 4). Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants the application.

## I. Background

Plaintiff's complaint stems from parental rights proceedings in Summit County Juvenile Court, Case Nos. DN 25-02-070 (In re E.R.) and DN 25-09-483 (In re E.L.). (*See* Doc. No. 1-8). According to exhibits attached to the complaint, a Complaint in Dependency, Neglect, and Abuse was filed concerning Plaintiff's minor child, E.R., on February 12, 2025, and on February 24, 2026, Summit County Children Services filed a Motion to Withdraw Motion for Legal Custody and Motion for Permanent Custody. (*See* Doc. No. 1-10). The matter concerning E.R. was scheduled for trial on July 9, 2026. (*Id.*).

In this complaint, Plaintiff appears to allege the defendants engaged in misconduct in connection with her Juvenile Court cases. She alleges that Defendants coordinated removal actions despite no immediate emergency; failed to provide notice, a fair opportunity to contest allegations, or reasonable ADA accommodations; relied on inaccurate information during custody proceedings; pressured Plaintiff to answer incriminating questions; failed to conduct a fair investigation; failed to make reasonable reunification efforts; and refused to offer or facilitate home visits. (Doc. No. 4 at 2-4). She also alleges that unresolved criminal allegations improperly influenced custody determinations and reunification efforts, statements were made during the proceedings referencing Plaintiff's grief following the death of her son, phone access and communication involving minor child, E.R., were improperly restricted, social worker Sierra Glad claimed Plaintiff never informed her about the open "CPS matter," Defendant Stranathan improperly relied on "Children Services narratives," Defendant Stranathan's evaluation "materially differed" from other psychological findings, and Plaintiff was excluded from appointments involving the children. (*Id.*).

Plaintiff lists, without factual support, the following causes of action: Fourteenth Amendment--Procedural Due Process; Fourth and Fourteenth Amendment—Unreasonable Search and Seizure of Children; Interference with Familial Association/Family Integrity; ADA Title II Discrimination; First Amendment Retaliation; Fifth Amendment/Coercive Questioning; Fabrication, Omission, and Misrepresentation of Evidence; and Failure to Protect/Deliberate Indifference. For relief, she requests monetary damages and unspecified "declaratory and injunctive relief." (Doc. No. 4 at 5).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Federal Rule of Civil Procedure 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion

couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III. Discussion**

Plaintiff's complaint appears to be an attempt to seek this Court's intervention in the Summit County Juvenile Court proceedings. Plaintiff does not indicate the status of the state court proceedings. However, according to the exhibits attached to the complaint, Summit County Children Services filed a motion for permanent custody of E.R. on February 24, 2026, and the Summit County Juvenile Court schedule trial in the matter of E.R. on July 9, 2026. (*See* Doc. No. 1-10). Presumably, these proceedings, at least as they relate to E.R., were pending in state court at the time Plaintiff filed this federal complaint in June 2026. To the extent the Juvenile Court proceedings are still pending, the Court must abstain from hearing challenges to those state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal suit involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Abstention is therefore appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, all three factors warranting abstention are present. The custody case concerning Plaintiff's minor child, E.R., was pending in the Summit County Juvenile Court at the time Plaintiff filed this complaint. And state court proceedings involving

parental rights implicate important state interests. *Moore v. Sims*, 442 U.S. at 435 (applying *Younger* abstention, stating that "[f]amily relations are a traditional area of state concern."); *Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (applying abstention doctrine to dismiss plaintiffs' challenge to juvenile court procedures used to temporarily remove children from their custody); *Butterfield v. Steiner*, No. C2-01-1224, 2002 U.S. Dist. LEXIS 19057, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]"). Finally, there is no suggestion in the complaint that any purported claim in this federal lawsuit is barred in the state action. The Court must therefore abstain from interfering with Plaintiff's pending Juvenile Court proceedings.

Moreover, to the extent Plaintiff's state court cases were heard and proceeded to judgment, this Court lacks jurisdiction to review and reverse a state court judgment and enter judgment in Plaintiff's favor. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

## IV. Conclusion

In that Plaintiff seeks monetary damages in this case in addition to declaratory and injunctive relief, the appropriate procedure is for the Court to stay the proceedings. *See Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("In the context of a complaint seeking 'both equitable [relief] and money damages,' . . . 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'") (quoting *Superior Beverage Co., Inc.*

*v. Schieffelin & Co.*, 448 F.3d 910, 913-14 (6th Cir. 2006)). Accordingly, all proceedings in this case are STAYED pending the conclusion of the state court proceedings in the Summit County Juvenile Court, including all appeals of the judgment in those cases.

Further, this case is ADMINISTRATIVELY CLOSED, subject to reopening upon a written motion to reopen filed by Plaintiff demonstrating that the state court case listed above and all appeals in that case have been resolved or concluded. No claims or defenses are waived as a result of the stay. All pending motions are denied without prejudice to refiling in the event the case is reopened. Because this case is stayed, from this point forward, the only motion that the Court will entertain is a motion to reopen that demonstrates that the state court case (including all appeals) has been resolved. Until a motion to reopen is granted, no other filings will be considered by the Court, and the Clerk's Office is directed to return any documents submitted for filing other than a motion to reopen.

**IT IS SO ORDERED**.

August 27, 2026

*/s/ John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT